UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

IN RE )
 )
EDWARD G. TATE and ) Case No. 06-61718-fra7
CECILIA L. TATE, )
 )
             Debtors.     ) MEMORANDUM OPINION

The Trustee objects to Debtors' claim of a homestead exemption in Debtors' Oregon property applying Texas exemption law. For the reasons that follow, the Trustee's objection will be sustained.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

MEMORANDUM OPINION - 1

DISCUSSION

Bankruptcy Code section 522[1] provides for the exemption of property from the bankruptcy estate created by § 541. Section 522(b)(1) allows debtors to claim exemptions listed in the Code at subsection (d)or to elect to claim exemptions under state and local law in effect at the bankruptcy filing date. If a debtor chooses to claim exemptions under state law, or if the applicable state does not authorize the use of federal bankruptcy exemptions[2], the Code provides that the applicable law is that of the state of debtor's domicile during the 730-day period prior to the bankruptcy filing date. If the debtor's domicile has not been located in the same state during that period, the applicable exemption law is that of the state which was the debtor's domicile for the greater part of the 180 days prior to the 730-day period. Section 522(b)(3). Both the Trustee and the Debtors agree that the appropriate exemption law in the present case is that of Texas.

Debtors listed their claimed exemptions on Schedule C of their bankruptcy petition using Texas exemption law. As Texas

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated after the effective date (October 17, 2005) of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2] Pursuant to § 522(b)(2).

MEMORANDUM OPINION - 2

has an unlimited homestead exemption, Debtors seek to exempt the entire $60,000 of their claimed equity in their home in Selma, Oregon.[3]

The Trustee asserts that, while the use of Texas exemption law is appropriate, the Texas homestead exemption cannot be applied extraterritorially to homesteads outside the state of Texas. In other words, if a debtor wishes to claim a Texas homestead exemption, the property to which it applies must be in Texas. The Trustee cites to In re Peters, 91 B.R. 401 (Bankr. W.D.Tex. 1988), which held that a debtor filing a chapter 7 petition in Texas could not claim a Texas homestead exemption in property located in another state. The Peters court relied on Texas Property Code § 41.002 which provides the definition of a homestead for both urban and rural homesteads. The court specifically referred to subsection (c)[4]: "The definition of a homestead as provided in this section applies to all homesteads *in this state* whenever created." Peters at 403-404 (emphasis added in Peters opinion).

Debtors counter that Peters is no longer good law in light of opinions such as In re Arrol, 170 F.3d 934 (9th Cir. 1999) and In re Drenttel, 403 F.3d 611 (8th Cir. 2005), which lend

---

[3] In contrast, Oregon's homestead exemption for a married couple is $39,600. ORS 18.395.

[4] Now subsection (d) pursuant to amendments to Property Code § 41.002 effective January 1, 2000.

MEMORANDUM OPINION - 3

extraterritorial application to the homestead statutes of the forum states. Debtors' reliance on these opinions is misplaced. In § 522, Congress adopted as a template the substantive exemption law of each state, without reference to the state's choice of law rules.[5] As the Peters court points out, and the Ninth Circuit in Arrol acknowledges[6], the limit on extraterritorial application of the Texas homestead exemption is not the product of Texas choice of law doctrine, but is explicitly provided for in the exemption statute itself.

Debtors also argue that The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amendments to § 522 preempt Texas' ban on the extraterritorial application of its homestead exemption. They specifically point to § 522(p), which provides that where a debtor elects to exempt property under state or local law, the debtor may not exempt any interest in residential or homestead property that was acquired by the debtor during the 1,215-day period preceding the bankruptcy filing date in excess of $125,000. Debtors would have the court interpret this as allowing a debtor to claim the homestead exemption of the forum state, regardless of that state's law regarding extraterritoriality of its homestead exemption, as long as the debtor had relocated to a new residence within 1,215 days of the

---

[5] *See e.g.* Drenttel at 614-615, Arrol at 935-936.

[6] Arrol at 936.

MEMORANDUM OPINION - 4

petition date and limited his homestead exemption to no more than $125,000. This court, however, does not so interpret § 522(p). That provision merely limits the applicable state's exemption to $125,000 in the situation described. If the forum state's homestead exemption is zero because it does not allow its extraterritorial application, § 522(p) does not come into play.

CONCLUSION

Debtors cannot claim a Texas homestead exemption in their Oregon property because a Texas homestead exemption may be applied, under Texas law, only to property located in the state of Texas. The Trustee's objection to the Debtors' claimed homestead exemption will therefore be upheld. The Trustee conceded at the hearing in this matter that the Bankruptcy Code, at § 522(b)(3), allows the Debtors in their present situation to elect the homestead exemption found at § 522(d). Counsel for the Trustee should submit a form of order in conformity with this Memorandum Opinion.

FRANK R. ALLEY, III
Bankruptcy Judge